IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **GREGORY ST. CLAIR,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-21-02998 |
| | * | |
| **NAVY FEDERAL CREDIT UNION,** | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Gregory St. Clair, proceeding *pro se*, filed a Complaint against Defendant Navy Federal Credit Union ("Navy Federal") alleging violations of "several federal laws" in connection with his credit card account. Pending before the Court are Plaintiff's Motion for Leave to Proceed In Forma Pauperis, ECF No. 2, and Defendant's Motion to Dismiss, ECF No. 7. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion for Leave to Proceed In Forma Pauperis is granted, and Defendant's Motion to Dismiss is also granted.

**I.      BACKGROUND[1]**

In his Complaint, Plaintiff states that in or around May 2019, he received a credit card from Defendant Navy Federal. ECF No. 1 at 6.[2] He alleges that Defendant Navy Federal "failed to give [him] full disclosure of the finance charge," "full disclosure to [his] right of recission,"

---

[1] Unless otherwise stated, the background facts are taken from Plaintiffs' Complaint, ECF No. 1, and are presumed to be true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

and "[f]ull disclosure that the banks can't lend money." *Id.* Plaintiff also alleges that Defendant Navy Federal "never told [him] that all bills are already paid for pursuant to 18 U.S.C. 8 and Navy failed to explain in a clear manner that the United States is obligated to pay any bills." *Id.* He also contends that Defendant Navy Federal does not "have any signature of [his] on any document [] that proves this is [his] alleged debt." *Id.* Defendant Navy Federal "harassed" Plaintiff by frequently calling him at day and night, which caused him "extreme stress and anxiety" because Defendant Navy Federal "closed the card" and reported "negative information to the Credit Reporting Agencies." *Id.* This, Plaintiff alleges, prevented him from being able to obtain or get further lines of credit. *Id.* Plaintiff seeks $54,266 and "an open ended credit plan that allows [his] card to be zeroed out each month and any negative items reporting on [his] consumer report to be deleted immediately." *Id.* at 7.

In response, Defendant Navy Federal submits the declaration of Adam Fingerman, an employee of Defendant's Lending department and its records custodian, in support of its Opposition. Fingerman attests that Plaintiff has been a member of Defendant Navy Federal Credit Union since September 27, 2013, and that he filed an online application for a credit card on May 7, 2019. ECF No. 7-2 ¶¶ 4–5. He also attests that the following day, on May 8, 2019, Plaintiff was sent the credit card along with the Credit Card Agreement and Disclosure, which contained Plaintiff's obligations and rights regarding the credit card. *Id.* ¶¶ 7–8, 10.

Plaintiff filed a Complaint, *pro se*, on November 22, 2021, ECF No. 1, and additionally filed the pending Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"), ECF No. 2. On December 7, 2021, Plaintiff filed a supplement to his IFP Motion, ECF No. 4., which appears to be a copy of the original document he filed on November 22, 2021, and he filed a supplement to the Complaint, which, likewise, appears to be a copy of the original document, ECF No. 5. On

December 13, 2021, Defendant filed the additionally pending Motion to Dismiss, ECF No. 7. On February 11, 2022, Plaintiff filed an "Affidavit of Truth" in which he attests, among other things, that Defendant is "using [his] identity to fraudulently charge [him] with over $27,000 in charges that were not [his]" and that he never filled out an application on May 7, 2019, and that he never received a credit card from Defendant. ECF No. 13 at 1–2. Plaintiff also requests that the Court deny Defendant's Motion to Dismiss. *Id.*

## II. DISCUSSION

### A. In Forma Pauperis

28 U.S.C. § 1915(a) "permits an indigent litigant to commence an action in this court without prepaying the filing fee." *Kennedy v. Wilkinson*, No. 21-cv-1634-CCB, 2021 WL 2895868, at *1 (D. Md. July 9, 2021). "The in forma pauperis statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation." *Ford v. Soc. Sec. Admin. Acting Comm'r Carolyn Colvin*, No. 16-cv-2324-ELH, 2016 WL 3541233, at *1 (D. Md. June 29, 2016) (citing *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981)). "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[e][.]" 28 U.S.C. § 1915(a)(1).

"A district court has discretion to grant or deny an application for in forma pauperis status." *Clarke v. Richmond Behav. Health Auth.*, 402 F. App'x 764, 766 (4th Cir. 2010). "This discretion, however, is limited to a determination of 'the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked.'" *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980) (quoting *Kinney v. Plymouth Rock Squab Co.*,

236 U.S. 43, 46 (1915)). "'In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous.'" *Id.* (quoting *Ellis v. United States*, 356 U.S. 674 (1958)).

A party need not be "destitute" to enjoy the benefit of the in forma pauperis statute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) ("We cannot agree . . . that one must be absolutely destitute to enjoy the benefit of the statute."). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* (internal quotations omitted); *see also Ford*, 2016 WL 3541233, at *1.

Here, Plaintiff has filed an application to proceed In Forma Pauperis. ECF No. 2. Plaintiff attests that he cannot pay the costs of this proceeding because he is struggling financially. ECF No. 2 at 5. He has filled out all relevant aspects of the required long form, AO 239. Upon review of the form, this Court finds that Plaintiff has sufficiently attested to indigent status as he has no income and no expenses. Therefore, the Court grants Plaintiff's Motion.

### B. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")).

To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989).

The Court is mindful that Plaintiff is a self-represented litigant. Pleadings submitted by self-represented litigants are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. Appx. 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. 10-cv-3517-DKC, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim.") (citation omitted), *aff'd*, 526 F. Appx. 255 (4th Cir. 2013).

Plaintiff's Complaint is comprised of a few sentences, several of which are difficult to follow. He does, however, clearly allege that Defendant reported negative information to the

Credit Reporting Agencies ("CRAs"), which prevented him from obtaining credit. ECF No. 1 at 6. Defendant argues that the Court should dismiss Plaintiff's Complaint because he has failed to state a claim for a violation of the Fair Credit Reporting Act ("FCRA"). ECF No. 7-1 at 2.

"The FCRA creates a private right of action allowing injured consumers to recover 'any actual damages' caused by negligent violations and both actual and punitive damages for willful noncompliance." *Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 239 (4th Cir. 2009); *see also* 15 U.S.C. §§ 1681n, 1681o. The FCRA imposes duties on "furnishers of information" to credit reporting agencies. 15 U.S.C. § 1681s–2. Furnishers of information have several affirmative obligations under the FCRA, all of which are aimed at ensuring the CRAs are provided complete and accurate information. *Id.* One such obligation is found in Section 1681s–2(b), which "is triggered when a consumer disputes the accuracy of a furnisher's report and the CRA, in turn, notifies the furnisher of the dispute." *Johnson v. Cap. One*, No. 18-cv-02102-PWG, 2019 WL 1936147, at *4 (D. Md. Apr. 30, 2019) (citing *Saunders v. Branch Banking And Tr. Co. Of VA*, 526 F.3d 142, 147 (4th Cir. 2008) (citing 15 U.S.C. § 1681i(a)(2))). To demonstrate Defendant's liability as a "furnisher" of credit information, Plaintiff must:

> demonstrate that (1) he notified a [credit reporting agency] of the disputed information, (2) the [credit reporting agency] notified the furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information.

*Tolson v. Democracy Fed. Credit Union*, No. 19-cv-1800-PX, 2020 WL 406939, at *2 (D. Md. Jan. 24, 2020) (citing 15 U.S.C. § 1681s-2(b)). Plaintiff makes no allegations in the Complaint regarding any of these elements, therefore his FCRA claim is dismissed. *See Jackson v. JP Morgan Chase Bank, N.A.*, No. 21-cv-2426-GJH, 2022 WL 1663565, at *2 (D. Md. May 25, 2022) (dismissing FCRA claim based on the same). Even "liberally construing" Plaintiff's Complaint, *see Erickson*, 551 U.S. at 94, the Court cannot identify any other claims from his

allegations. Put differently, Plaintiff's Complaint does not contain factual matter to "permit the court to infer more than the mere possibility of misconduct." *See Iqbal*, 556 U.S. at 662.

Plaintiff attempts to clarify his claims and add more allegations in his subsequent briefing, specifically in his "Affidavit of Truth," *see* ECF No. 13 at 1–2. But a plaintiff is "bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint." *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Because Plaintiff's claim under the FCRA fails, the Court will grant Defendant's Motion to Dismiss.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed In Forma Pauperis, ECF No. 2, is granted, and Defendant's Motion to Dismiss, ECF No. 7, is also granted. A separate Order shall issue.

Date: <u>June 27, 2022</u>                  <u>/s/</u>
                                                                 GEORGE J. HAZEL
                                                                 United States District Judge